IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | |
| ) | Case No.: 1:11-cv-08340 |
| Plaintiff, ) | |
| ) | Judge: Hon. John J. Tharp, Jr. |
| v. ) | |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**REASSIGNMENT STATUS REPORT**

Pursuant to this Court's June 8, 2012 Docket Entry (ECF No. 14), Plaintiff's counsel respectfully submits this Reassignment Status Report, which Plaintiff's counsel prepared because Defendant's counsel has not yet filed an appearance.

1. **Nature of the Case.**

    a. Attorneys of Record. Plaintiff's attorney of record is Paul Duffy. No other attorneys have made an appearance in the case.

    b. Basis of Federal Jurisdiction. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

    c. Plaintiff's Claims. Plaintiff Hard Drive Productions, Inc. alleges that Defendant violated its exclusive rights in the copyrighted creative works at the heart of this action via computer-based peer-to-peer file transfer networks. Specifically, Plaintiff alleges that Defendant used the BitTorrent file transfer protocol to reproduce and distribute the copyrighted creative

works from and to thousands of third parties. There are presently no counterclaims.

  d. <u>Relief Sought by Plaintiff.</u>  Judgment against Defendant that he or she has willfully violated Plaintiff's federally-registered copyright; actual or statutory damages; order of impoundment, impounding all infringing copies of Plaintiff's copyrighted works that are in Defendant's possession or control; attorney fees, litigation expenses and costs of litigation; declaratory, injunctive and other equitable relief as may be just and warranted.

  e. <u>Service.</u>  Plaintiff has attempted to investigate and ascertain the identity of the Doe Defendant without seeking leave from the Court for leave to take early discovery, by contacting the owner of the Internet Protocol address owner identified in the Complaint, from whose Internet Protocol address Plaintiff observed infringing activity occurring.  Plaintiff has not been able to obtain such information from the Internet Protocol address owner. Plaintiff will promptly serve the Doe Defendant upon confirming his or her identity.

2. **Pending Motions and Case Plan.**

  a. <u>Pending Motions.</u>  None.

  b. <u>Discovery.</u>  Plaintiff engaged in limited preliminary discovery in a prior case and ascertained the account holder associated with the IP addresses identified in Plaintiff's Complaint.  Plaintiff attempted on several occasions to contact that individual to determine whether the person used

      the IP address to infringe Plaintiff's copyright, or whether another individual did so. Plaintiff requested that the Court grant it leave to depose the individual for purposes of determining whether he is a proper defendant, which the Court granted. (ECF 9.) The individual failed to show for the deposition, and Plaintiff filed a Motion for Rule To Show Cause against the individual. (ECF 10.) The Court denied the Motion when the individual showed in court and gave assurances that he would make himself available to schedule a deposition (ECF 12.) Despite that, Plaintiff's counsel has been unable to reach the individual since then to schedule a deposition. If Plaintiff's counsel cannot reach the individual within the next seven (7) days, it intends to renew its motion for rule to show cause, and ask the Court to direct the individual to appear for a deposition on a date certain.

c. <u>Substantive motions.</u> The Court has granted Plaintiff leave to serve a subpoena and take the deposition of the individual named as the Internet Protocol address in the Complaint.

d. <u>Anticipated motions.</u> Plaintiff may renew its motion for rule to show cause to compel the attendance of the individual at a deposition if Plaintiff cannot schedule a deposition directly with the individual (please see Paragraph 2(b) above). The deposition of the Internet Protocol address owner is solely for the purpose of identifying who used that address when infringing activity occurred and in order to name the Doe Defendant.

   e. <u>Trial.</u>

     i. <u>Whether a jury trial is requested.</u> Plaintiff has requested a jury trial.

     ii. <u>The probable length of trial.</u> One to three days.

     iii. <u>When the parties anticipate the case will be ready for trial.</u> Plaintiff will be unable to proceed to trial before ascertaining, naming and serve the of the Doe Defendant with the Complaint– a process which Plaintiff believes could take one additional one month depending on when it is able to depose the individual named in the Complaint.

**3.** **Referrals and Settlement.**

  a. <u>Whether the case has been referred to the designated Magistrate Judge for discovery.</u> No.

  b. <u>Whether any settlement discussions have occurred and the status of settlement discussions.</u> Settlement discussions have not yet occurred. In cases similar to this, it is common for a subscriber (often through his or her attorney), when contacted by Plaintiff, to explore settlement options; Plaintiff intends to participate in good faith in such settlement discussions if they occur.

  c. <u>Whether the parties believe that a settlement conference would be productive at this time.</u> Plaintiff may request a settlement conference after it serves the Defendant.

      d. <u>Whether the parties consent unanimously to proceed before a Magistrate Judge.</u> Plaintiff cannot speak for the unnamed Doe Defendant on this issue, but Plaintiff consents to proceeding before a Magistrate Judge.

**4. Other Information.**

      a. <u>Provide any other information that the parties believe is pertinent to the Court's understanding of the status of this case.</u> Plaintiff is unaware of such information at this time.

      b. <u>Please advise whether any party requests that the Court set a status hearing.</u> Plaintiff does not request a status hearing until at least 30 days from the date hereof.

Respectfully submitted,

Hard Drive Productions, Inc.

DATED: June 22, 2012

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*